UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE LUNA AND JAMES RODRIGUEZ, JR., | ) ) | CIVIL ACTION NO. 3:23-CV-1657 |
| Plaintiffs | ) ) | (MUNLEY, D.J.) |
| v. | ) ) | (ARBUCKLE, M.J.) |
| EDWARD PALKA, *et al.,* | ) ) | |
| Defendants | ) | |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

On October 5, 2023, Plaintiffs Michelle Luna and James Rodriguez, Jr. filed a complaint initiating this civil rights lawsuit against two Federal agents and a Kingston Borough police officer. (Doc. 1). Plaintiffs allege that Defendants wrongfully conspired and disseminated an "Article" about Plaintiff Rodriguez on Facebook/Meta for "no legitimate purpose," but to cause Plaintiff Rodriguez to be maimed, assaulted or killed while incarcerated. *Id*. Plaintiffs allege this has caused Plaintiff Luna mental anguish and emotional distress. *Id*. at p. 8. Plaintiffs bring civil rights claims for violations of their First, Eighth and Fourteenth Amendment rights. *Id*.

On January 5, 2024, Defendant Kingston Borough police officer R. Miller filed a Motion to Dismiss, (Doc. 15), and on January 12, 2024, a brief in support,

(Doc. 16). On February 5, 2024, Plaintiffs filed a Motion to File Document Under Seal requesting the Court

> seal particular information throughout the filed civil suit and Brief in Opposition of Defendant R. Miller's Motion to Dismiss . . . . [And that] anything filed from any party, Plaintiffs and Defendants, be 'SEALED' from the public do to due to [sic] sensitivity of the information and circumstances involving the allegations of the multi-page 'article.'[1]

(Doc. 18) (emphasis in original). The same day, Plaintiffs filed a brief in opposition to Defendant Miller's Motion, a Declaration in Support of Motion to Seal by Plaintiff Luna, a Declaration in Support of Motion to Seal by Plaintiff Rodriguez, and a letter requesting the brief in opposition be filed under seal. (Doc. 19; Doc. 19-1; Doc. 19-2; Doc. 19-3).

On February 20, 2024, Federal Defendants Palka and Conahan filed a Motion to Dismiss, (Doc. 22), and on March 4, 2024, a brief in support, (Doc. 27). On March 18, 2024, Plaintiffs filed what they titled a "REDACTED" brief in opposition to Defendants Palka and Conahan's Motion with certain portions of the brief blacked out. (Doc. 29) (emphasis in original). On March 19, 2024, Plaintiffs filed a second Motion to File Document Under Seal requesting the Court

> seal particular information throughout the filed civil suit and Brief in Opposition of Defendants EDWARD PALKA and ERIC CONAHAN Motion to Dismiss . . . . [And that] anything filed from any party,

---

[1] In their Motion, Plaintiffs write they move "for Court [sic] to accept the filed "REDACTED" and "UNREDACTED" documents submitted on January 30, 2024 of the Complaint *Luna et al v. Palka et al., 3:23-CV-01657 (WIA)* . . . ." (Doc. 18, p. 1). The Court has received no such documents from Plaintiffs.

> Plaintiffs and Defendants, be 'SEALED' from the public do to due to [sic] sensitivity of the information and circumstances involving the allegations of the multi-page 'article.'

(Doc. 30) (emphasis in original). The same day, Plaintiffs filed an unredacted version of their brief in opposition to Defendants Palka and Conahan's Motion, a Declaration in Support of Sealing by Plaintiff Luna and a Declaration in Support of Sealing by Plaintiff Rodriguez.[2] (Doc. 31; Doc. 31-1; Doc. 31-2). For the reasons explained in this Memorandum Opinion, Plaintiffs' Motions to Seal, (Docs. 18, 30), will be denied.

## II.   LEGAL STANDARDS

Regarding motions to seal, the Third Circuit Court of Appeals has explained:

> [T]he common law presumes that the public has a right of access to judicial materials. In both criminal and civil cases, a common law right of access attaches "to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d at 192. The common law right of access "antedates the Constitution." *Bank of Am.*, 800 F.2d at 343. The right of access "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Public observation facilitated by the right of access "diminishes possibilities for injustice, incompetence, perjury, and fraud." *Id.* Moreover, "the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.*

---

[2] In each of their Declarations in Support of their Motions to Seal, Plaintiffs reference having filed a "Motion for a Protective Order." (Doc. 19-1, p. 1; Doc. 19-2, p. 1); (Doc. 31-1, p. 1; Doc. 31-2, p. 1). The Court has received no such motion from Plaintiffs.

The right of access includes the right to attend court proceedings and to "inspect and copy public records and documents, including judicial records and documents." *In re Cendant Corp.*, 260 F.3d at 192. Whether the common law right of access applies to a particular document or record "turns on whether that item is considered to be a 'judicial record.' " *Id.* A "judicial record" is a document that "has been filed with the court ... or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* Once a document becomes a judicial record, a presumption of access attaches. *See id.* at 192–93.

"[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Id.* Summary judgment proceedings are no exception—documents filed in connection with a motion for summary judgment are judicial records. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660–62 (3d Cir. 1991).

Yet the common law right of access is "not absolute." *Bank of Am.*, 800 F.2d at 344. "The presumption [of access] is just that, and thus may be rebutted." *Westinghouse Elec. Corp.*, 949 F.2d at 662. The party seeking to overcome the presumption of access bears the burden of showing "that the interest in secrecy outweighs the presumption." *Bank of Am.*, 800 F.2d at 344. The movant must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted). The "strong presumption of openness does not permit the routine closing of judicial records to the public." *Id.* (internal quotation marks omitted).

To overcome that strong presumption, the District Court must articulate "the compelling, countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[ ] an opportunity for interested third parties to be heard." *In re Cendant Corp.*, 260 F.3d at 194 (emphasis omitted). "In delineating the injury to be prevented, specificity is essential." *Id.* "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* "[C]areful factfinding and balancing of

competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993). To that end, the District Court must "conduct[ ] a document-by-document review" of the contents of the challenged documents." *Id.*[3]

With this standard in mind, we turn to our discussion of Plaintiffs' Motions.

## III.    DISCUSSION

Plaintiffs allege the entire civil case needs to be sealed "due to sensitive issues" and "because the circumstances are too sensitive for the public . . . ." (Doc. 19-1; Doc. 19-2); (Doc. 31-1; Doc. 31-2). Plaintiffs allege that "the circumstances are too sensitive for the public concerning the unlawful posting of the multi-page 'Article' that has been causing an uproar on Facebook and in the Lackawanna County Prison." (Doc. 19-1; Doc. 19-2); (Doc. 31-1; Doc. 31-2). Notably, the "Article" Plaintiffs' claims are based on and which has apparently been causing an "uproar" does not, in its entirety, appear to be present in any filings on the docket in this case.[4]

---

[3] *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672-73 (3d Cir. 2019).

[4] To their complaint, Plaintiffs attached "Exhibit 1 Unlawful and Wrongful Disseminated Article," which consists of a single page document that appears to show a screenshot of a phone screen showing a Facebook post calling out "Mack Mulla," with nine photographs that appear to be of a written document attached to the post. (Doc. 1-1). The documents, however, are not legible or provided. The Court understands "Mack Mulla" to be an alias of Plaintiff Rodriguez. *See* Doc. 26.

In neither Motion to Seal nor the Declarations in Support of those Motions do Plaintiffs "show that the material is the kind of information that courts will protect . . . ."[5] Plaintiffs' requests that the entire case be sealed, including documents not yet filed, are vague and do not come close to allowing the court to make the necessary "document-by-document review of the contents of the challenged documents."[6] Nor do Plaintiffs at any point identify an injury, with specificity, that disclosure will inflict as they are required to do.[7] Therefore, Plaintiffs' Motions to Seal will be denied.

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motions to Seal (Docs. 18, 30) will be DENIED. An appropriate order will be issued.

Date: April 19, 2024

BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge

---

[5] *In re Avandia*, 924 F.3d 662, 672-73 (quoting *Miller*, 16 F.3d at 551) (internal quotation marks omitted).

[6] *Id*. (quoting *Leucadia*, 998 F.2d at 167 (internal quotation marks omitted).

[7] *Id*.