UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE LUNA AND JAMES RODRIGUEZ, JR., | ) | CIVIL ACTION NO. 3:23-CV-1657 |
| Plaintiffs | ) | (MUNLEY, D.J.) |
| v. | ) | (ARBUCKLE, M.J.) |
| EDWARD PALKA, *et al.*, | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION**

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Currently pending before the Court are three Motions filed by Plaintiffs James Rodriguez Jr. and Michelle Luna: a Motion for Relief from Judgment, (Doc. 38), a Motion for Protective Order pursuant to Federal Rule of Civil Procedure 5.2(e) and (f), (Doc. 39), and a Motion to Seal pursuant to Federal Rule of Civil Procedure 5.2(e) and (f), (Doc. 41). For the reasons explained herein, the Motion for Relief from Judgment will be deemed moot and the Motion for a Protective Order and Motion to Seal will be denied.

On October 5, 2023, Plaintiffs Michelle Luna and James Rodriguez, Jr. filed a complaint initiating this civil rights lawsuit against two Federal Agents and a Kingston Borough Police Officer. (Doc. 1). Plaintiffs allege that Defendants wrongfully conspired and disseminated an "Article" about Plaintiff Rodriguez on Facebook/Meta for "no legitimate purpose," but to cause Plaintiff Rodriguez to be

maimed, assaulted or killed while incarcerated. *Id*. Plaintiffs bring claims for the violation of their civil rights. *Id*.

On January 5, 2024, Defendant Kingston Borough Police Officer R. Miller filed a Motion to Dismiss, (Doc. 15), and on January 12, 2024, a Brief in Support, (Doc. 16). On February 5, 2024, Plaintiffs filed a Brief in Opposition. (Doc. 19).

On February 20, 2024, Federal Defendants Conahan and Palka filed a Motion to Dismiss. (Doc. 22). On March 4, 2024, they filed a Brief in Support. (Doc. 27). On March 18, 2024, Plaintiffs filed a "redacted" Brief in Opposition, (Doc. 29), and on March 19, 2024, an "unredacted" Brief in Opposition, (Doc. 31). On April 1, 2024, Defendants Conahan and Palka filed a Reply Brief. (Doc. 32). Plaintiffs requested and were granted leave to file a Sur Reply Brief and did so on May 3, 2024. (Doc. 42).

On February 5, 2024, Plaintiffs filed a Motion to File Document under Seal. (Doc. 18). On March 19, 2024, Plaintiffs filed a second Motion to File Document under Seal. (Doc. 30). On April 19, 2024, the undersigned issued a Memorandum Opinion, (Doc. 36), and Order, (Doc. 37), denying both Motions to Seal.

On April 26, 2024, Plaintiffs filed a Motion for Relief from Judgment, (Doc. 38), a Motion for a Protective Order, (Doc. 39), a Brief in Support of the Motion for a Protective Order, (Doc. 40), and a Motion to Seal, (Doc. 41). On May 10, 2024, Defendants Conahan and Palka filed a Brief in Opposition to the Motion for a

Protective Order. (Doc. 43). On May 24, 2024, Plaintiffs filed a Reply Brief to the Motion for a Protective Order. (Doc. 44).

## II. APPLICABLE LAW

"On April 30, 2007, the Supreme Court complied with Section 205(c)(3) of the E-Government Act of 2002 by sending Federal Rule 5.2 to Congress. The legislation was enacted to establish a broad framework of measures that require using Internet-based information technology to enhance citizen access to Government information and services."[1] Federal Rule of Civil Procedure 5.2 provides in pertinent part,

> a) Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.
>
> . . . .
>
> (d) Filings Made Under Seal. The court may order that a filing be made under seal without redaction. The court may later unseal the filing or

---

[1] 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1155 (4th ed. June 2024 update) (internal quotation marks omitted).

order the person who made the filing to file a redacted version for the public record.

(e) Protective Orders. For good cause, the court may by order in a case:

    (1) require redaction of additional information; or

    (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.

(f) Option for Additional Unredacted Filing Under Seal. A person making a redacted filing may also file an unredacted copy under seal. The court must retain the unredacted copy as part of the record.

Further,

> [t]he Advisory Committee Notes for Rule 5.2 explains that "[t]he rule is derived from and implements the policy adopted by the Judicial Conference in September 2001 to address the privacy concerns resulting from public access to electronic case files . . . . *The Judicial Conference policy is that documents in case files generally should be made available electronically to the same extent they are available at the courthouse, provided that certain 'personal data identifiers' are not included in the public file."* (Emphasis added). It also states that Rule 5.2(d) "does not limit or expand judicially developed rules that govern sealing[,]" and that "[n]othing in" Rule 5.2(e) "is intended to affect the limitations on sealing that are otherwise applicable to the court."[2]

Accordingly, to evaluate Plaintiffs' Motions brought pursuant to Rule 5.2 we look "to the common law rules regarding limiting public access to judicial records" and the presumption of public access.[3]

---

[2] *Rega v. Wetzel*, No. 2:13-CV-1781, 2015 WL 540051, at *2 (W.D. Pa. Feb. 10, 2015).

[3] *Id*.

Regarding the common law presumption of public access, the Third Circuit Court of Appeals has explained:

> [T]he common law presumes that the public has a right of access to judicial materials. In both criminal and civil cases, a common law right of access attaches "to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d at 192. The common law right of access "antedates the Constitution." *Bank of Am.*, 800 F.2d at 343. The right of access "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Public observation facilitated by the right of access "diminishes possibilities for injustice, incompetence, perjury, and fraud." *Id.* Moreover, "the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.*
>
> The right of access includes the right to attend court proceedings and to "inspect and copy public records and documents, including judicial records and documents." *In re Cendant Corp.*, 260 F.3d at 192. Whether the common law right of access applies to a particular document or record "turns on whether that item is considered to be a 'judicial record.'" *Id.* A "judicial record" is a document that "has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* Once a document becomes a judicial record, a presumption of access attaches. *See id.* at 192–93.
>
> "[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Id.* Summary judgment proceedings are no exception—documents filed in connection with a motion for summary judgment are judicial records. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660–62 (3d Cir. 1991).
>
> Yet the common law right of access is "not absolute." *Bank of Am.*, 800 F.2d at 344. "The presumption [of access] is just that, and thus may be rebutted." *Westinghouse Elec. Corp.*, 949 F.2d at 662. The party

seeking to overcome the presumption of access bears the burden of showing "that the interest in secrecy outweighs the presumption." *Bank of Am.*, 800 F.2d at 344. The movant must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted). The "strong presumption of openness does not permit the routine closing of judicial records to the public." *Id.*(internal quotation marks omitted).

To overcome that strong presumption, the District Court must articulate "the compelling, countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[ ] an opportunity for interested third parties to be heard." *In re Cendant Corp.*, 260 F.3d at 194 (emphasis omitted). "In delineating the injury to be prevented, specificity is essential." *Id.* "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993). To that end, the District Court must "conduct[ ] a document-by-document review" of the contents of the challenged documents." *Id.*[4]

## III.  DISCUSSION

In their Motions for a Protective Order and to Seal, Plaintiffs seek to have the entire case sealed: all documents already filed and all documents that will be filed. (Docs. 39, 41). In the alternative, Plaintiffs appear to request that the Court allow them to filed public redacted and sealed unredacted versions of every document filed and to be filed in this case and to order the Defendants to do the same. *Id.*

---

[4] *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672-73 (3d Cir. 2019).

As Plaintiffs bring both the Motion to Seal and Motion for a Protective Order pursuant to "Federal Rules of Civil Procedure Rule 5.2(e)(1)(2)(f)" we address the Motions together. The parties do not dispute whether the items Plaintiffs request be sealed are judicial records, and they clearly are, as they are all documents filed with the Court.[5] However, in neither the Motion to Seal, Motion for a Protective Order, nor the materials submitted in support do the Plaintiffs identify good cause for the Court to seal any of the documents filed to the docket so far, failing to meet their "heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure."[6]

Plaintiffs assert generally that pleadings concern "the sensitive circumstances of the multi-page article," are "too sensitive for the public," "create[] a nuisance and offend[] the general public and good order of every community" and contain "sensitive[e] [] [] information" and therefore the entire case, including any future filings, must be sealed or they must be allowed and Defendants must be required to file sealed unredacted and public redacted versions of all filings. (Doc. 41-4, p. 1; Doc. 44, p. 5; Doc. 41, p. 1). Other than saying the "sensitive circumstances"

---

[5] *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).
[6] *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)) (internal quotation marks omitted).

surrounding the creation of the "Article" found in the filings could lead detainees in Lackawanna County Prison ("LCP") to "assume that [Rodriguez] created the multi-page 'article' consisting of criminal activity," Plaintiffs identify nothing that suggests any of the information within the filings are of the kind the Court will protect. (Doc. 44-1, p. 1; Doc. 40, p. 3). They do not even identify what the "sensitive circumstances" are. (Doc. 41-1, p. 1).

Plaintiffs also do not identify a clearly defined and serious injury that will result from the filings, and any future filings, remaining unsealed or unredacted. Plaintiffs allege that the entire case, including any future filings must be sealed as, if the detainees and inmates in LCP were to read documents from the civil suit "concerning the unlawful dissemination and posting of information" they could wrongfully assume Rodriguez wrote the Article which could "lead to an altercation, assault, physical abuse, and mental abuse." (Doc. 40, p. 3). These "broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."[7] They do not offer any explanation as to what in the filings may lead a reader to the conclusion Rodriguez wrote the Article and therefore harm Plaintiffs. The documents filed so far in this case appear to do the opposite, and provide the context for the creation of the Article, alleging that it was the Defendants and

---

[7] *In re Cendant Corp.*, 260 F.3d at 194.

Rodriguez's former attorney Theron Solomon, Esq., who created the article and gave it to a third party to be published.

Finally, it appears to the Court that Plaintiffs truly seek to restrict access to the Article, which they repeatedly allege is the root cause of the "uproar" on Facebook and in LCP and the contents of which endanger them. (Doc. 41, p. 1; Doc. 41-4, p. 2; Docs. 40 and 44, *passim*). Plaintiffs contend that in order to fully decide the good cause showing, the Court must hold an

> *in camera* inspection of the Article. Plaintiffs assert that an *in camera* inspection is needed to ascertain the reasons why such an [sic] created 'Article' by the Defendants need [sic] to be 'sealed' and 'redacted' from the pubic [sic] because the created 'Article' by the Defendants has already and continuously misled the general public creating unnecessary incited and discriminatory negative social media feedback for the Pro Se Plaintiffs.

(Doc. 44, p. 6). Here, Plaintiffs argument explicity slips into stating that the Article needs to be sealed and redacted. *Id.* However, the "Article" Plaintiffs' claims are based on, and which has apparently been causing an "uproar," does not, in its entirety, appear to be present in any filings on the docket in this case.[8] Therefore there is no copy of the 'Article' to be sealed or redacted.

---

[8] To their complaint, Plaintiffs attached "Exhibit 1 Unlawful and Wrongful Disseminated Article," which consists of a single page document that appears to show a screenshot of a phone screen showing a Facebook post calling out "Mack Mulla," with nine photographs that appear to be of a written document attached to the post. (Doc. 1-1). The documents, however, are not legible or provided. The Court understands "Mack Mulla" to be an alias of Plaintiff Rodriguez. *See* Doc. 26.

In sum, we end where we began, with the conclusion that Plaintiffs have failed to meet their "heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure."[9]

As to Plaintiffs' Motion for Relief from Judgment, it appears to the undersigned that all Plaintiffs seek in that Motion is permission to refile documents that were intended to be filed with the previous Motions to Seal. (Doc. 38). It also appears Plaintiffs have already refiled those documents as the Motion for a Protective Order, Motion to Seal and supporting documents. (Docs. 39-41). Accordingly, Plaintiffs Motion for Relief from Judgment, (Doc. 38), will be deemed moot.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for a Protective Order, (Doc. 39), and Motion to Seal, (Doc. 41), will be DENIED. Plaintiffs' Motion for Relief from Judgment, (Doc. 38), will be deemed MOOT. An appropriate order will issue.

Date: February 21, 2025                    BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge

---

Plaintiffs attach the same screenshot to their Brief in Support of their Motion for a Protective Order. (Doc. 41-3).

[9] *Miller*, 16 F.3d at 551 (quoting *Publicker Indus., Inc.*, 733 F.2d at 1071) (internal quotation marks omitted).