IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE LUNA and<br>JAMES RODRIGUEZ, JR.,<br>    Plaintiffs | : | No. 3:23cv1657 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Arbuckle) |
| EDWARD PALKA, Alcohol Tobacco,<br>and Firearms and Explosives Task<br>Force Officer; DETECTIVE R.<br>MILLER, Luzerne County Task Force<br>Officer for the Pennsylvania<br>attorney General's Office; and<br>ERIC CONAHAN, Special Agent,<br>Internal Revenue Service,<br>    Defendants | : | |

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge William I. Arbuckle's report and recommendation ("R&R") which recommends the dismissal of plaintiffs' civil rights complaint. Plaintiffs have filed objections to the R&R, and the matter is ripe for disposition.

**Background**

On January 25, 2022, the United States of America indicted Plaintiff James Rodriguez, Jr. with five criminal charges related to distribution and possession of fentanyl and marijuana, including a charge of distribution and possession with intent to distribute fentanyl resulting in serious bodily injury and death. See

M.D.Pa. Dkt. No. 3:22cr23-1. Plaintiff Michelle Luna appears to be the mother of Plaintiff Rodriguez. Plaintiffs aver that Rodriguez's former defense attorney, Theron Solomon, Esq., was a close acquaintance and friend of the deceased. (Doc. 1, ¶ 22).

Plaintiffs claim that defendants wrote an "article" and caused it to be wrongfully disseminated on Facebook/Meta in March 2023. Plaintiff alleges that the defendants conspired with an unidentified third party to post the article which was "meant to incite and cause serious physical injury, intentional infliction of emotion distress, harm and anguish to Plaintiff [Luna]'s incarcerated detainee Son and to entrap my Son into being maimed assaulted and or killed." (Doc. 1, ¶¶ 19, 35). The term "plaintiff's son" refers to Plaintiff James Rodriguez, Jr. Per the plaintiffs, the defendants and Solomon "wrongfully and unlawfully" had the "deceptive, conniving, shady, crooked, misleading, illusory, concocted, sly, calculating and vehement" article published with the "sole purpose and intention of having Plaintiff Rodriguez seriously harmed or killed. (Id. ¶¶ 24 - 25). Plaintiff asserts that Solomon acted with retaliatory animus because he was a close acquaintance and friend of the deceased. (Id. ¶ 22). Per the complaint, the creation and dissemination of the article violated Plaintiff Rodriguez's First, Fifth, Eights, and Fourteenth Amendment rights. (Id. ¶¶ 6, 32, 33, 39 (both)[1]).

---

[1] The complaint contains two paragraphs numbered 39.

2

Exhibit 1 to plaintiff's complaint contains an unreadable copy of the article in question. The exhibit is entitled "Unlawful and Wrongful Disseminated Article." (Doc. 1-1). It is a single page document that evidently shows a cellular telephone screenshot of a Facebook post by Ceasar Pasquale from May 6, 2023.[2] The message written on the post is "I seen that Paperwork Mack Mulla, U da reason my homie getting pressed by da feds u POS, It's cool the Cartel and that border patrol u told on gon fix you right up[.]" (Id. at pg. 2).[3] Pictured in the post are several pages of a typewritten document, presumably the document of which the plaintiffs complain. The court cannot authoritatively comment on the contents of the document, however, as it is illegible. But based upon the post, it can be inferred that the article implicates Plaintiff James J. Rodriguez, Jr. in being the basis for the federal authorities questioning another person.

Plaintiffs claim that creating and disseminating the allegedly false and misleading article violated their constitutional rights. The plaintiffs allege that they suffered emotional distress, violation of their constitutional rights, and risk of harm to Plaintiff Rodriguez. Accordingly, plaintiffs filed the instant lawsuit raising the following three claims pursuant to 42 U.S.C. § 1983: 1) conspiracy; 2) Fifth and Fourteenth Amendment denial of due process; and 3) a claim for "failure to

---

[2] The actual post does not contain a year, but the name of the file at the top of the page suggests that the photo was taken in 2023.

[3] "Mack Mulla" is a pseudonym used by the plaintiff. See M.D.Pa. Dckt. No. 3:22cr23.

intercede". (Doc. 1, ¶¶ 29-47).  Plaintiffs seek compensatory, special, consequential, and punitive damages; an injunction enjoining defendants from further damage to their rights; attorney's fees and costs of suit; and prejudgment interest.  (Doc. 1, p. 13).

In response to the complaint, defendants filed motions to dismiss.  After being fully briefed, the magistrate judge issued the R&R recommending dismissal of plaintiffs' complaint.  Plaintiffs then filed objections bringing the case to its present posture.[4]

## Jurisdiction

As plaintiffs bring suit pursuant to 42 U.S.C. § 1983, the court has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## Standard of review

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

---

[4] Defendants filed a response to the plaintiffs' objections on March 31, 2025.  (Doc. 49).  The plaintiffs then filed a motion to strike the response as being material already asserted and argued.  The plaintiffs' motion to strike will be denied.

4

The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

If plaintiff has not objected to certain portions of the R&R, then in deciding whether to adopt those portions, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

**Discussion**

The R&R breaks down the plaintiffs' claims as follows:

1) Federal Civil Rights claims based upon Bivens[5] against the Federal Defendants for violation of plaintiff's First, Eighth, and Fifth Amendment rights;

2) Federal Civil Rights claims pursuant to 42 U.S.C. § 1983 against Defendant Miller for violation of plaintiff's Fourteenth Amendment Due Process and Equal Protection rights and failure to intervene;

---

[5] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1999).

5

3) Conspiracy under section 1983 against all defendants; and

4) Conspiracy pursuant to 42 U.S.C. § 1985(3) against all defendants.

The R&R discusses these issues as well as standing and ripeness as they relate to subject matter jurisdiction. The court will likewise address all these issues beginning with standing and ripeness.

### 1. Standing

The R&R first addresses the issue of standing, which is broken down into an analysis of standing regarding Plaintiff Michelle Luna ("Luna") and standing as to Plaintiff James Rodriguez, Jr. ("Rodriguez").

### a. Plaintiff Michelle Luna

Initially, the R&R examines whether Plaintiff Luna has standing. It points out that she alleges damages based upon the violation of Plaintiff Rodriguez's constitutional rights. Plaintiff Luna alleges violation of her First, Fifth, Eighth, and Fourteenth Amendment rights based on the mental anguish and emotional distress she suffered from fear of harm to Plaintiff Rodriguez resulting from defendants' violation of her son's constitutional rights. Magistrate Judge Arbuckle explains, however, that allegations of constitutional violations brought pursuant to 42 U.S.C. § 1983 are cognizable only by the party whose civil rights were violated. Here, the complaint alleges a violation of Plaintiff Rodriguez's rights. Plaintiff Luna cannot sue for harm she suffered from the alleged violation

6

of Plaintiff Rodriguez's civil rights. The R&R correctly concluded that Plaintiff Luna lacks standing. See, e.g., Pierzynowski v. Police Dep't City of Detroit, 941 F. Supp. 633, 640 (E.D. Mich. 1996).

### b. Plaintiff James Rodriguez, Jr.

The R&R next addresses the standing of Plaintiff James Rodriguez, Jr. The R&R concludes that Plaintiff Rodriguez has standing to bring his Bivens, Section 1983, and Section 1985 claims, except to the extent that he requests injunctive relief. (Doc. 47, R&R at 21). No objection to this recommendation has been made. The court finds no clear error or manifest injustice in the R&R's analysis, and therefore, it will be adopted. 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

### 2. Ripeness

Magistrate Judge Arbuckle next addresses whether Plaintiffs Rodriguez's claims are ripe for adjudication and concludes that the claims are ripe. Objections have not been filed regarding the ripeness issue. No clear error or manifest injustice appears in the R&R's ripeness analysis, and therefore, it will be adopted. 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

### 3. <u>Bivens</u> Claims

Next, the R&R addresses the civil rights claims made pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1999). A <u>Bivens</u> action is a claim brought against a federal government official for violation of an individual's constitutional rights. Here, plaintiff attempts to bring <u>Bivens</u> claims for the following: 1) Eighth Amendment, cruel and unusual punishment; 2) First Amendment; and 3) Fifth Amendment due process, equal protection, and failure to intervene.

In <u>Bivens</u>, the Supreme Court recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials, whose conduct was not encompassed by the statutory remedy available against state actors under 42 U.S.C. § 1983. <u>See</u> <u>Bivens</u>, 403 U.S. at 397. The Supreme Court has held that an implied private cause of action against federal officials exists in only three cases: (1) <u>Bivens</u> itself—a claim under the Fourth Amendment against FBI agents for handcuffing a man in his own home without a warrant, <u>Bivens</u>, 403 U.S. at 389; (2) a Fifth Amendment claim against a Congressman for firing his female secretary, <u>Davis v. Passman</u>, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim against prison officials for failure to treat an inmate's asthma, <u>Carlson v. Green</u>, 446 U.S. 14 (1980).

In Ziglar v. Abbasi, 582 U.S. 120 (2017), the Supreme Court set forth a two-part test for determining whether a prospective Bivens claim may proceed. First, courts must ascertain whether the case presents a "new context." Ziglar, 582 U.S. at 138. If the case differs "in a meaningful way" from previous Bivens cases decided by the Supreme Court, "then the context is new." Ziglar, 582 U.S. at 139.

Second, if the case presents a new context, the court must then consider whether "special factors" counsel against extending the Bivens remedy. Hernandez, 589 U.S. at 102. This inquiry asks whether "the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" Egbert v. Boule, 596 U.S. 482, 492 (2022) (quoting Ziglar, 582 U.S. at 136). If a court concludes that "even a single reason" exists to pause "before applying Bivens in a new context," then special factors counseling hesitation exist and a Bivens remedy does not lie. Egbert, 596 U.S. at 492 (quoting Hernandez, 589 U.S. at 102) (internal quotation marks omitted).

The Egbert decision reemphasizes that the continued refusal to "imply a similar cause of action for other alleged constitutional violations" is intentional—recognizing a new Bivens cause of action is "a disfavored judicial activity." Egbert, 596 U.S. at 491 (quoting Ziglar, 582 U.S. at 135). The Third Circuit Court

9

of Appeals recently analyzed Egbert and abrogated earlier decisions recognizing that its own extensions of Bivens were no longer tenable given recent Supreme Court decisions. Fisher v. Hollingsworth, 115 F.4th 197, 206 (3d Cir. 2024) (holding that the Supreme Court decision in Egbert "seriously undermines the rationale of Bistrian [v. Levi, 912 F.3d 79 (3d Cir. 2018)] and Shorter [v. United States, 12 F.4th 366 (3d Cir. 2021)]"—cases involving inmate-on-inmate assault). The Fisher court explained that Egbert "tightened the Ziglar test and, in doing so, made a strong statement that lower courts should not extend Bivens beyond the contexts recognized in Bivens, Davis, and Carlson." Fisher, 115 F.4th at 204. Mindful of these decisions, the court proceeds with Ziglar's two-step analysis.

Bearing these standards in mind, the court will address plaintiffs' claims. As noted in the R&R, the Eighth Amendment's Cruel and Usual Punishments Clause is inapplicable until a defendant is convicted and sentenced. Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005). As Plaintiff Rodriguez has not been convicted or sentenced the Eighth Amendment claim will be dismissed.

The First Amendment claim fails because Plaintiff Rodriguez has not identified which of his First Amendment rights – freedom of religion, speech, press, assembly or petition, has been allegedly violated. It is not apparent how the dissemination of the article could have violated any of these rights.

Moreover, <u>Bivens</u> does not extend to First Amendment claims. <u>Reichle v. Howards</u>, 566 U.S. 658, 663 n.4 (2012).[6]

Plaintiff Rodriguez also raises Fifth Amendment due process, equal protection and failure to intervene claims, which represent new contexts for <u>Bivens</u> claims which have not already been recognized by the Supreme Court. Thus, the R&R reviewed these rights to determine if special factors exist that counsel hesitation in expanding <u>Bivens</u>. The R&R concluded that such facts did exist and that any damages remedies should not be created by the court, but rather by Congress.

The plaintiffs have not filed a discernable objection to this recommendation. No clear error or manifest injustice appears in the R&R's <u>Bivens</u> analysis, and therefore, it will be adopted. 28 U.S.C. § 636(b)(1); <u>Sullivan v. Cuyler</u>, 723 F.2d 1077, 1085 (3d Cir. 1983).

### 4. Section 1983 and Section 1985 Claims

The final set of rights that the magistrate judge addressed in his R&R is the Section 1983 and Section 1985 claims. These include Fourteenth Amendment

---

[6] Plaintiffs' objections suggest that the First Amendment claim is based upon the defendants placing Plaintiff Rodriguez in a false light and which caused him damages for, *inter alia*, emotional pain and suffering. "False light', however is not cognizable under the First Amendment. Rather it is a tort action under state law. See <u>Graboff v. Colleran Firm</u>, 744 F.3d 128, 136 (3d Cir. 2014) (explaining the tort of false light invasion of privacy). This objection is therefore wholly without merit.

11

Due Process, Fourteenth Amendment Equal Protection, failure to intervene and conspiracy claims. The court will address each in turn.

### a. Fourteenth Amendment Due Process

The R&R suggests dismissing plaintiff's Fourteenth Amendment Due Process claim brought pursuant to section 1983. The plaintiffs' have not filed a discernable objection to this recommendation. No clear error or manifest injustice appears in the R&R's due process analysis, and therefore, it will be adopted. 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

### b. Fourteenth Amendment Equal Protection

The R&R next addresses Rodriguez's Fourteenth Amendment Equal Protection clause claim. Plaintiff Rodriguez alleges that the defendants violated his equal protection rights when they created and disseminated the article. He does not provide an explanation as to how the defendants' actions violated his right to equal protection. Again, plaintiffs have filed no discernable objection to this recommendation. No clear error or manifest injustice appears in the R&R's equal protection analysis, and therefore, it will be adopted. 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

### c. Failure To Intervene and Section 1983 Conspiracy Claims

Plaintiffs' complaint asserts claims under Section § 1983 against Defendant Miller for failure to intervene and against all defendants for conspiracy to violate plaintiff's constitutional rights. The R&R suggests that both of these claims fail as plaintiff has not pled an underlying constitutional violation. Again, plaintiffs have filed no discernable objection to this recommendation. No clear error or manifest injustice appears in the R&R's failure to intervene and section 1983 conspiracy analysis, and therefore, it will be adopted. 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

### d. Conspiracy Claims Pursuant to § 1985(3)

Plaintiff's complaint also alleges conspiracy claims pursuant to § 1985(3). After a thorough analysis, the R&R recommends dismissing this claim. Plaintiffs' objections do not discuss the R&R's analysis or raise any discernable argument against the R&R's conclusion. The court finds no clear error or manifest injustice in the R&R's section 1985(3) analysis, and therefore, it will be adopted. 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

**Conclusion**

For the reasons set forth above, the court will overrule the plaintiffs' objections and adopt the R&R. All of Plaintiff Michelle Luna's claims will be

dismissed for lack of subject matter jurisdiction, without leave to amend.[7]  Plaintiff Rodriguez's claims for injunctive relief will be dismissed for lack of subject matter jurisdiction without leave to amend.  Finally, Plaintiff Rodriguez's Bivens, 42 U.S.C. § 1983, and 42 U.S.C. § 1985 claims will be dismissed with prejudice for failure to state a claim.  An appropriate order follows.

Date: 4/30/25

JUDGE JULIA K. MUNLEY
United States District Court

---

[7] Throughout the R&R, Magistrate Judge Arbuckle discusses whether leave to file an amended complaint should be granted as to the various claims or whether amendment would be futile. Ultimately, leave to amend is not recommended as to any of the claims. The plaintiffs objections do not address the issue of leave to amend except to simply note that they "should be permitted to correct, fix and/or amend anything within the Complaint as a courtesy." (Doc. 48, Objs. at 5).  Plaintiffs raise the issue of amendment in a very general manner with no analysis as to futility.  A party objecting to an R&R must specially object and identify the basis for such objection.  See M.D.Pa. L.R.72.3; Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). Plaintiff has not done so here, and the court finds no clear error or manifest injustice. Therefore, the R&R's recommendation will be adopted. See 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).